UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LISSETTE V. MOORE,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

______________________________________)

# COMPLAINT

The Plaintiff, LISSETTE V. MOORE ("MOORE"), by and through her undersigned counsel, hereby sues LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY LIFE"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. MOORE brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. MOORE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LIBERTY LIFE is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the plaintiff, MOORE is a citizen of Broward County Florida, within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MOORE by LIBERTY LIFE.

6. MOORE was at all times material an employee of Farmers Group, Inc.

7. MOORE was at all times material a plan participant under the Farmers Group, Inc. Group Disability Income Policy, Policy Number GF3-860-004094-01 (the "LTD Plan"), which is issued by Liberty Life Assurance Company of Boston, and which is established by Farmers Group, Inc. and pursuant to which MOORE is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LIBERTY LIFE is the insurer of benefits under the LTD Plan and was appointed by Farmers Group, Inc., the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LIBERTY LIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LIBERTY LIFE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, MOORE is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

**"Disability" or "Disabled"** means:

1. For persons other than pilots, co-pilots, and crew of an aircraft:

i. If the Covered Person is eligible for the 24 Month Own Occupation Benefit, **"Disability"** or **"Disabled"** means during the Elimination Period and the next 24 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his occupation on an Active Employment basis because of an Injury or Sickness; and

ii. After 24 months of benefits have been paid, the Covered Person is unable to perform, with reasonable continuity, all of the material and substantial duties of his own or any other occupation for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity.

13. Since approximately April 14, 2014, MOORE has been disabled under the terms of the LTD Plan.

14. According to the LTD Plan, MOORE is required to be disabled for a period of 26 consecutive weeks before benefits become payable.

15. Benefits became payable to MOORE on October 14, 2014.

16. Shortly after becoming disabled, MOORE made a claim for disability benefits.

17. By letter dated October 14, 2014, LIBERTY LIFE informed MOORE that her claim for LTD benefits was denied.

18. MOORE properly appealed LIBERTY LIFE's adverse determination.

19. By letter dated August 14, 2015 LIBERTY LIFE partially overturned its adverse determination and approved benefits through October 31, 2014 but upheld its determination that no benefits were payable beyond that date and informed MOORE that her administrative remedies were exhausted.

20. At all relevant times, MOORE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all relevant times, as a result of injury or sickness, MOORE has been unable to perform all of the material and substantial duties of her own occupation on an active employment basis as well as unable to perform, with reasonable continuity, the material and substantial duties of any occupation.

22. At all relevant times, MOORE has been under the regular care of a doctor.

23. At all relevant times, MOORE was a Covered Person under the LTD Plan.

24. From November 1, 2014 to the present date MOORE has not received benefits owed to her under the LTD Plan despite MOORE's right to these benefits.

25. LIBERTY LIFE has refused to pay MOORE's LTD benefits since November 1, 2014.

26. At all relevant times, LIBERTY LIFE was the payer of benefits.

27. At all relevant times, LIBERTY LIFE was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, LIBERTY LIFE was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, MOORE has been and remains Disabled and entitled to LTD benefits from LIBERTY LIFE under the terms of the LTD Plan.

30. MOORE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. MOORE incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), MOORE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. MOORE has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LIBERTY LIFE's failure to pay her disability benefits.

35. MOORE has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to MOORE at a time when LIBERTY LIFE knew, or should have known, that MOORE was entitled to those benefits under the terms of the LTD Plan, as MOORE was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of MOORE's claim for LTD benefits;

(c) After MOORE's claim was terminated in whole or in part, LIBERTY LIFE failed to adequately describe to MOORE any additional material or information necessary for MOORE to perfect her claim along with an explanation of why such material is or was necessary.

(d) LIBERTY LIFE failed to properly and adequately investigate the merits of MOORE's disability claim and failed to provide a full and fair review of MOORE's claim.

37. MOORE believes and thereon alleges that LIBERTY LIFE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which MOORE is presently unaware, but which may be discovered in this future litigation and

which MOORE will immediately make LIBERTY LIFE aware of once said acts or omissions are discovered by MOORE.

38. Following the termination of benefits under the LTD Plan, MOORE exhausted all administrative remedies required under ERISA, and MOORE has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of LIBERTY LIFE, MOORE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding MOORE'S claim for benefits, MOORE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MOORE is entitled to have such fees and costs paid by LIBERTY LIFE.

41. The wrongful conduct of LIBERTY LIFE has created uncertainty where none should exist, therefore, MOORE is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, LISSETTE V. MOORE prays for relief against LIBERTY LIFE ASSURANCE COMPANY OF BOSTON as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 8, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Victor Peña*

VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com